JUDGE MANNING

UNITED STATES DISTRICT COURT MAGISTRATE JUDGE VALDEZ
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **07CR  751** |
| ) | |
| v. ) | No. _____ |
| ) | Violations: Title 18, United States |
| ANTHONY SHUMPERT and ) | Code, Sections 1341 and 1343 |
| STEVEN C. JUSTUS ) | |

**FILED**

### COUNT ONE

NOV 1 4 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The SPECIAL MARCH 2007 GRAND JURY charges:

1.    At times material to this indictment:

    (a)    Nodal Technologies, Inc. was a Cayman Islands company holding the rights to certain technology patents with applications in telecommunications and defense. Individual A was the sole owner, officer and director of Nodal Technologies, Inc.

    (b)    Nodal Systems Corporation ("NSC"), doing business at 25151 Iroquois Court, Barrington, Illinois, was a privately held company incorporated in Delaware, which licensed technology patents from Nodal Technologies, Inc. Individual A was the president, the majority shareholder, and a director of NSC.

    (c)    Defendant ANTHONY SHUMPERT was the treasurer, the vice president of sales and marketing, and a director of NSC. In his capacity as treasurer of NSC, defendant SHUMPERT maintained the records of the financial accounts of NSC.

    (d)    Defendant STEVEN C. JUSTUS was an associate of defendant ANTHONY SHUMPERT. Defendant JUSTUS was not an employee, officer, or director of NSC.

(e)     Accounts in the name of NSC were maintained at the American National Bank and The Northern Trust Company.

(f)     Accounts controlled by defendant ANTHONY SHUMPERT and his wife were maintained at The Northern Trust Company.

(g)     Accounts controlled by defendant STEVEN C. JUSTUS and his wife were maintained at Harris Bank, First Midwest Bank, and Founders Bank.

2.     Beginning in or about March 2002, and continuing at least until in or about February 2006, at Chicago and Barrington, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, which scheme is further described below.

3.     It was part of the scheme that defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS, acting without authority, issued or promised to issue promissory notes in the name of NSC to approximately 18 investors, and in doing so obtained more than $1,000,000.

4.     It was further part of the scheme that defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS promised investors a minimum rate of return of 16% over a six-month period. In addition, defendants promised investors that after four years they would receive either an option payment of three times the amount of their initial investment or an

2

equivalent amount of stock from an initial public offering by NSC's telecommunications line of business.

5.     It was further part of the scheme that defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS did not pay to the investors the promised interest or option payments. Instead, defendants made various false representations to the investors to the effect that financing for NSC which would enable the investors to be repaid was guaranteed or about to be finalized.

6.     It was further part of the scheme that defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS falsely represented to the investors that all of the funds they raised would be utilized by defendant SHUMPERT to develop NSC's business in Europe and the Middle East and to seek financing for NSC.  In reality, defendants used certain funds obtained from the investors to pay for their own personal expenses.

7.     It was further part of the scheme that, early in 2002, defendant ANTHONY SHUMPERT suggested to Individual A that NSC open a bank account at The Northern Trust Company.

8.     It was further part of the scheme that defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS directed investors to remit their investments by check or by making electronic funds transfers to NSC's bank account at The Northern Trust Company.

9.     It was further part of the scheme that defendant ANTHONY SHUMPERT substituted one of his own personal telephone numbers for the telephone number of Individual A on the NSC letterhead that defendant SHUMPERT placed at the top of certain letters he wrote to solicit investors and on the promissory notes he issued to investors.

3

10.    It was further part of the scheme that defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS made the following false representations and promises to various investors to induce them to invest in NSC through promissory notes:

(a)    Defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS promised some investors that their initial investment would be considered to be from twice as much to four times as much as the investment actually was.

(b)    Defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS falsely represented to some investors that NSC simply needed a "bridge loan" or short-term financing, for periods ranging from a few weeks to up to six months, as other financing was being obtained by NSC.

(c)    Defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS falsely represented to some investors that NSC was ready to begin manufacturing products, when in fact NSC had no manufacturing facilities and no tangible assets.

(d)    Defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS falsely represented to some investors that they themselves had invested millions of dollars of their own money into NSC.

(e)    Defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS promised some investors that the investors or family members of the investors would be employed by NSC at a future date.

(f)    Defendant ANTHONY SHUMPERT falsely represented to some investors that the directors of NSC had adopted a resolution authorizing defendant SHUMPERT to execute and deliver a promissory note to the investors.

4

(g)　　Defendant ANTHONY SHUMPERT falsely represented to some investors that he owned 20% or more of NSC.

(h)　　Defendant STEVEN C. JUSTUS falsely represented to some investors that he was an agent or employee of NSC.

(i)　　Defendant STEVEN C. JUSTUS falsely represented to some investors that NSC had signed a deal with the government of Singapore and that he would be traveling to Singapore to sign papers and receive money on behalf of NSC.

11.　　It was further part of the scheme that defendants ANTHONY SHUMPERT and STEVEN C. JUSTUS concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

12.　　On or about December 6, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $2,500 from an NSC account at The Northern Trust Company in Chicago, Illinois, through the Fedwire system in East Rutherford, New Jersey, to an account of defendant STEVEN C. JUSTUS at Harris Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

5

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about February 4, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $12,500 from an account of Investor B at Union Planters Bank in Memphis, Tennessee to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

6

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about February 5, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $112,500 from an account of Investor B at Union Planters Bank in Memphis, Tennessee to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

7

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about February 19, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $100,000 from an account of Investor C at Union Planters Bank in Memphis, Tennessee to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

8

## COUNT FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about February 20, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $10,000 from an NSC account at The Northern Trust Company in Chicago, Illinois, through the Fedwire system in East Rutherford, New Jersey, to an account of defendant STEVEN C. JUSTUS at Harris Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about May 13, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $10,000 from an account of Investor C at Union Planters Bank in Memphis, Tennessee to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about May 16, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ANTHONY SHUMPERT,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $25,000 from an account of Investor D at Mid-America Employees Federal Credit Union in Rochester, Minnesota to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

11

## COUNT EIGHT

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about May 20, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $50,000 from an account of Investor E at Bank of New York in New York, New York to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

12

## COUNT NINE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about May 21, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $10,000 from an NSC account at The Northern Trust Company in Chicago, Illinois, through the Fedwire system in East Rutherford, New Jersey, to an account of defendant STEVEN C. JUSTUS at First Midwest Bank in Waukegan, Illinois;

In violation of Title 18, United States Code, Section 1343.

13

## COUNT TEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about June 2, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $15,000 from an account of Investor C at Union Planters Bank in Memphis, Tennessee to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

14

## COUNT ELEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about July 24, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $10,000 from an account of Investor C at Union Planters Bank in Memphis, Tennessee to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWELVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about August 29, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $25,000 from an account of Investor F at Citibank in New York, New York to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT THIRTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about August 29, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $10,000 from an NSC account at The Northern Trust Company in Chicago, Illinois, through the Fedwire system in East Rutherford, New Jersey, to an account of defendant STEVEN C. JUSTUS at First Midwest Bank in Waukegan, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOURTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about September 15, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

## ANTHONY SHUMPERT,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $5,000 from an account of Investor D at Think Federal Credit Union in Rochester, Minnesota to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

18

## COUNT FIFTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about September 16, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ANTHONY SHUMPERT,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $5,000 from an account of Investor G at Think Federal Credit Union in Rochester, Minnesota to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIXTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about September 22, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ANTHONY SHUMPERT,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $10,000 from an account of Investor D at Think Federal Credit Union in Rochester, Minnesota to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVENTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about September 23, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $3,000 from an NSC account at The Northern Trust Company in Chicago, Illinois, through the Fedwire system in East Rutherford, New Jersey, to an account of defendant STEVEN C. JUSTUS at First Midwest Bank in Waukegan, Illinois;

In violation of Title 18, United States Code, Section 1343.

21

## COUNT EIGHTEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about November 7, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $10,000 from an account of Investor F at Citibank in New York, New York to an NSC account at The Northern Trust Company in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT NINETEEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about November 24, 2003, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

### STEVEN C. JUSTUS,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service by mail, according to the directions thereon, an envelope addressed to:

> Steven Justus
> 17800 Navajo Trace
> Tinley Park, IL

which envelope contained an official bank check from Bank One of Arizona, dated November 21, 2003, remitted by Investor H, and made payable to Nodal Systems in the amount of $5,000;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWENTY

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.   The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.   On or about November 25, 2003, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

### STEVEN C. JUSTUS,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service by mail, according to the directions thereon, an envelope addressed to:

> Steven Justus
> 17800 Navajo Trace
> Tinley Park, IL

which envelope contained two official bank checks from Bank One of Arizona, each of them dated November 24, 2003, remitted by Investor H, and made payable to Nodal Systems in the amount of $2,500;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWENTY-ONE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 11 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about November 26, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY SHUMPERT and
STEVEN C. JUSTUS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely, an electronic funds transfer in the amount of $5,000 from an NSC account at The Northern Trust Company in Chicago, Illinois, through the Fedwire system in East Rutherford, New Jersey, to an account of the wife of defendant STEVEN C. JUSTUS at Founders Bank in Worth, Illinois;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

25