IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 07 CR 751 |
| Plaintiff(s), | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | Judge Blanche M. Manning |
| STEVEN JUSTUS | ) |  |
| Defendant. | ) |  |

## DEFENDANT STEVEN JUSTUS' MOTION FOR DISCOVERY

NOW COMES Defendant, Steven Justus, by and through his attorney, The Law Offices of Standish E. Willis, Ltd., and makes the following request for discovery to the government, pursuant to Fed.R.Crim.P. 16, Local Rule 16.1, and all other applicable rules and statutes:

1.  <u>The Defendant's Statements</u> Under Fed.R.Crim.P. 16(a)(1)(A), Defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see U.S. v. McElroy, 697 F.2d 459 (2d Cir. 1982»; and any other statements by the defendant that are discoverable under Fed.R.Crim.P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to introduce those statements;

2.  <u>Arrests Reports. Notes and Dispatch Tapes</u> Defendant also specifically requests that all arrest reports, notes, and dispatch or any other tapes that relate to the circumstances

surrounding her arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to her. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of Defendant or any other discoverable materials is contained. This is all discoverable under Fed.R.Crim.P. 16(a)(1)(A) and Brady v. Marvland, 373 U.S. 83 (1963). See also U.S. v. Johnson, 525 F.2d 999 (2d Cir. 1975); U.S. v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); U.S. v. Pilnick, 267 F.Supp. 791 (S.D.N.Y. 1967); Loux V. U.S., 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Defendant are available under Fed.R.Crim.P. 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(i);

    3.    Reports of Scientific Tests or Examinations Pursuant to Fed.R.Crim.P. 16(a)(1)(F), Defendant requests the reports of all tests and examinations conducted upon the evidence in this case that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence in chief at the trial;

    4.    Expert Witnesses: Pursuant to Fed.R.Crim.P. 16(a)(1)(G), Defendant requests that the Government disclose a written summary of testimony of all experts that the Government intends to use in its case-in-chief, including, but not limited to, the experts' opinions, the bases and the reasons for those opinions and the expert's qualifications;

    5.    Brady Material The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. U.S. v. Bagley, 473 U.S. 667 (1985); U.S. v. Agurs, 427 U.S. 97 (1976).

    6.    Evidence Seized Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed.R.Crim.P. 16(a)(1)(E);

7.	<u>Request for Preservation of Evidence</u> Defendant specifically requests that all dispatch tapes, or any other physical evidence that may be destroyed, lost or otherwise put out of the possession, custody, or care of the government and which relate to the arrest, the events leading to the arrest, or relate to any of the charges in the indictment in this case, be preserved. This request includes, but is not limited to, any samples used to run any scientific tests and any evidence seized from any third party. This request specifically includes the preservation of all drug evidence. It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

8.	<u>Tangible Objects</u> Defendant requests, under Fed.R.Crim.P.16(a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all physical evidence, other documents and tangible objects, including photographs, books, papers, documents, photographs, of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in chief, or were obtained from or belong to Defendant;

9.	<u>Evidence of Bias or Motive to Lie</u> Defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>U.S. v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

10.	<u>Impeachment Evidence</u> Defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable about Defendant. See Fed. R. Evid. 608, 609, and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>. See <u>U.S. v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. U.S.</u>, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

11.	<u>Evidence of Criminal</u> Investigation of Any Government Witness Defendant requests any evidence that any prospective witness is under investigation by federal, state, or

3

local authorities for any criminal conduct. U.S. v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

12. <u>Evidence Affecting Perception</u>. Recollection, Ability to Communicate or Truth Telling. The defense requests any evidence, including, but not limited to, any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. U.S. v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213,224 (4th Cir. 1980;

13. <u>Names of Witnesses</u> Favorable to Defendant request the name of any witness who made any arguably favorable statements concerning the defendant, including witnesses who deny that Steven Justus had any involvement in the charged conduct or fail to name her as someone involved. This request includes statements of informed witnesses that do not mention Defendant, i.e., negative exculpatory statements. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213,223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.) cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

14. <u>Statements</u> Relevant to the Defense. Defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert. U.S. v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements made by percipient witnesses about identifications of the perpetrators of any of the offenses charged in general and about Kenneth Gaytan in particular;

15. <u>Jencks Act Material</u> The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. §3500, and Fed.R.Crim.P. 26.2. These materials are producible after a witness testifies at a pretrial motion to suppress, Fed.R.Crim.P. 12(i), and after a witness testifies at trial. 18 U.S.C. §3500. Defendant specifically requests pretrial production of these statements within four weeks of trial so that the Court may avoid

unnecessary recesses and delays for defense counsel to properly use any <u>Jencks</u> statements and prepare for cross-examination;

16. <u>Giglio Information</u> Pursuant to <u>Giglio v. U.S.</u>, 405 U.S. 150 (1972), Defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses within four weeks of trial;

17. <u>Government Examination of Law Enforcement Personnel Files</u> Defendant requests that the government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential information in this case. Defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>U.S. v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Defendant prior to trial. Defendant also notes that although the Ninth Circuit in <u>U.S. v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992), refused to require the prosecutor to personally review each file, the court reaffirmed the government's duty to inspect files.

In addition to the foregoing requests, Defendant also specifically requests the following:

(a) Any and all local, state, and federal law enforcement reports and/or other documents relating to any of the charges set forth in the indictment of this matter;

(b) Any and all transcripts of testimony in any prior proceedings within the custody, care, or control of the government or which could be obtained by the government, which relate

5

to and are arguably material to any of the charges set forth in the indictment or any alleged uncharged overt act of Defendant that the government intends to prove at trial or introduce during a sentencing stage.

          Respectfully submitted,


          <u>s/Standish E. Willis,</u>
          Attorney for the Defendant


THE LAW OFFICES OF STANDISH E. WILLIS, LTD.
407 South Dearborn – Suite 1395
Chicago, IL 60605
312.554.0005

CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that in accordance with the Fed.Crim.P. 49, Fed.R.Civ.P.5 and LR5.5, and the General Order on Electronic Case Filing (ECF) was served pursuant to the district court's ECF system as to ECF filers

                                            s/Standish E. Willis
                                            Attorney the for Defendant

The Law Offices of Standish E. Willis, Ltd.
407 South Dearborn – Suite 1395
Chicago, Illinois 60605
(312) 554-0005

.