```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION

UNITED STATES OF AMERICA      )
                              )
          v.                  )   No.  07 CR 751-2
                              )   Hon. Blanche M. Manning
STEVEN C. JUSTUS              )
```

**GOVERNMENT'S RESPONSE TO
<u>DEFENDANT'S MOTION FOR DISCOVERY</u>**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds to the pretrial motion for discovery of defendant Steven C. Justus as follows:

Defendant's motion seeks various types of discovery. This motion must be denied at the outset because defendant has failed to comply with the requirements of Local Criminal Rule 12.1. Rule 12.1(b) mandates that any motion for further discovery or inspection shall contain information about the pretrial conference already held by the parties as well as a "statement that agreement could not be reached concerning the discovery or inspection that is the subject of the motion. <u>The court will not hear a motion for additional discovery or inspection if it does not conform to the procedural requisites of this section</u>" (emphasis supplied).

Defendant has failed to satisfy this requirement. He does not – and in fact cannot – state that the parties were unable to reach an agreement about the discovery now sought through his motion. His requests simply never have been communicated before to the government. Because of defendant's noncompliance with Local

Criminal Rule 12.1(b), his motion should be denied or stricken. <u>E.g.</u>, <u>United States v. Edvins Owhoka</u>, No. 97 CR 810 (N.D. Ill. March 19, 1998)(Judge Moran); <u>United States v. Jones</u>, No. 88 CR 165 (N.D. Ill. April 29, 1988)(Judge Rovner); <u>United States v. Shittu</u>, No. 86 CR 748 (N.D. Ill. May 8, 1987)(Judge Norgle); <u>United States v. Guada</u>, No. 86 CR 219 (N.D. Ill. July 3, 1986)(Judge Holderman).

Notwithstanding this fatal flaw, the government will respond briefly to defendant's requests.

   **1.   Defendant's statements**
   **15.  Jencks Act material**

As with several other requests in defendant's motion, he asks for something to which he is entitled, copies of his own statements – but he completely disregards the fact that this material has already been provided to him. Among the voluminous discovery provided to defendant on December 11, 2007 were nine reports of interviews with defendant. Furthermore, on January 10, 2008, additional information related to defendant's most recent statements was provided by the government in discovery to defendant. The government has no other evidence of statements by defendant – or of other trial witnesses – to produce at this time.

Defendant also moves this Court to order pretrial production of government witnesses' statements as required under the Jencks Act, 18 U.S.C. § 3500, a request that is internally inconsistent. Of course, the Jencks Act itself and Fed.R.Crim.P. 16(a)(2) expressly prohibit mandating such pretrial disclosure. 18 U.S.C.

§ 3500; United States v. Williams, 536 F.2d 1202, 1204 (7th Cir. 1976)(by "the express terms of 18 U.S.C. § 3500, the government could not have been required to deliver any 3500 material to defense counsel until the witness to whom the material pertained had completed his testimony on direct examination"); see also United States v. Molt, 772 F.2d 366, 370 (7th Cir. 1985)(same); United States v. Sims, 808 F.Supp. 607, 616 (N.D. Ill. 1992) (collecting cases).  Although no pretrial disclosure is required, the government has in fact already provided all of the Jencks Act material now in its possession to defendant; in addition to the copies of defendants' own statements produced on December 11, 2007, the government turned over 39 reports of interviews with other witnesses.

The government would point out that in this request (and elsewhere in his motion), defendant asks for notes of government agents.  He is not entitled to discovery of such notes.

The government has directed the agents involved in this case to preserve their notes to the extent any such notes are in existence.  However, the government's directing the preservation of these notes should not be misconstrued as an agreement to disclose or turn over these notes without a further showing by the defendant.  Also, the government opposes any request relating to attorneys' notes or reports, which are not subject to discovery.

3

The Seventh Circuit has reaffirmed that handwritten notes or rough drafts prepared by agents that are subsequently transcribed and made part of a final report are not discoverable. See United States v. Mohammed, 120 F.3d 688, 699 (7th Cir. 1997) ("[Defendant] had no legal basis to compel the government to produce [an] Agent['s] original interview notes that were subsequently incorporated into the FBI 302. A defendant is not entitled to an agent's notes if the agent's report contains all that was in the original notes." (citing United States v. Batchelder, 581 F.2d 626, 636 (7th Cir. 1978), rev'd on other grounds, 442 U.S. 114 (1979); United States v. Balistrieri, 779 F.2d 1191, 1221 (7th Cir. 1985); United States v. Bastanipour, 697 F.2d 170, 174-175 (7th Cir. 1982)); see also United States v. Starnes, 644 F.2d 673, 681 (7th Cir. 1981) (holding that original notes are discoverable only if "the notes were a substantially verbatim transcript of the [witness'] remarks, or were his own written statement adopted or approved by him.").

Additionally, Rule 16(a)(2) expressly exempts from discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Accordingly, the government will resist any attempt to obtain unwarranted discovery of internal file materials by the defendant. The government has already provided final typed or written reports

of interviews not only with defendant, but also of its trial witnesses, including agents, in accordance with Rule 16. The defendant is entitled to no more.

### 2. Arrest reports, notes and dispatch tapes

This is not applicable to this case. Defendant was not arrested but was allowed to appear in court on his own following his indictment.

### 3. Reports of scientific tests or examinations

There are none in this case.

### 4. Expert witnesses

There are none in this case.

### 5.  Brady material
### 9.  Evidence of bias or motive to lie
### 10. Impeachment evidence
### 11. Evidence of criminal investigation of any government witness
### 12. Evidence affecting perception
### 13. Names of witnesses favorable to defendant
### 14. Statements relevant to the defense
### 16. Giglio information
### 17. Government examination of law enforcement personnel files

The government acknowledges its ongoing duty to disclose evidence favorable to the defendant in this case, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). This acknowledgment alone is a sufficient basis upon which to deny defendant's motion. See United States v. Sims, 808 F.Supp. 607, 614 (N.D. Ill. 1992)(motion to produce Brady material denied as moot in light of government's acknowledgment of

awareness of its Brady obligations).  Moreover, although defendant styles his request as one for Brady material, he also seeks information that is not exculpatory at all but rather impeachment material concerning government witnesses.  Although the government recognizes that defendant is entitled to witness-related information if that information contains Brady-related material, the government objects to a requirement that it immediately produce materials beyond that which is required by law.

The government also acknowledges its ongoing duty to produce Giglio materials to defendant in this case.[1]  The government will honor its obligation under Giglio to provide defendant with any documents reflecting any agreement it has with witnesses at defendant's trial or any evidence bearing on any witness's credibility.  The district courts in this circuit "have repeatedly held that where the government has made assurances it will comply with Brady and Giglio, those assurances are sufficient."  United States v. Butler, No. 93 CR 720, 1994 WL 6987, at 2 (N.D. Ill. Feb.

---

[1] Of course, the government need not produce Giglio material until trial as long as the defendant is not prevented from receiving a fair trial.  See Kompare v. Stein, 801 F.2d 883, 890 (7th Cir. 1986); United States v. Marquez, 686 F.Supp. 1354, 1357-58 (N.D. Ill. 1988).  Giglio information requires little or no warning to be used effectively, and therefore need not be produced far in advance.  See United States v. Rinn, 586 F.2d 113, 119 (9th Cir. 1978), cert. denied, 441 U.S. 931 (1979).  To require otherwise would have the effect of giving the defendant advance disclosure of the government's witness list, to which he is not entitled.  See United States v. Callahan, 534 F.2d 763, 765 (7th Cir.), cert. denied, 429 U.S. 763 (1976).

6

4, 1994). See also United States v. Dominguez, 131 F.R.D. 556, 559 (N.D. Ill. 1990)(same). Accordingly, defendant's request should be denied as moot.[2]

The government has, in any event, already produced to defendant the impeaching and exculpatory information currently in its possession.[3] To the extent the government becomes aware of any additional exculpatory or impeaching information, the government shall produce that material to defendant as well.

### 6. Evidence seized

There is none in this case.

### 7. Request for preservation of evidence

Defendant requests that evidence such as dispatch tapes, samples used to run scientific tests, and drug evidence be preserved. There is no such evidence that might be destroyed in this case.

---

[2] The government's acknowledgment of its obligations under Brady and Giglio should not be interpreted as a stipulation to provide defendant with all of the myriad of materials requested in his motion. Rather, the government will abide by the law in this Circuit and will provide defendant with all materials to which he is entitled.

[3] The government is not required to produce this information at the outset of the case. "[D]ue process is satisfied '[a]s long as ultimate disclosure is made before it is too late for the defendants to make use of any benefits of the evidence. . . .'" Sims, 808 F.Supp. at 614-15, quoting, United States v. Zipperstein, 601 F.2d 281, 291 (7th Cir. 1979), cert. denied, 444 U.S. 1031 (1980). Brady, then, does not require pretrial disclosure. Id. at 615.

8.  **Tangible objects**

The government already provided defendant on December 11, 2007 with copies of many documents, along with a four-page list of other physical evidence which is available to the defense for review upon request.

## Conclusion

For the reasons set forth above, defendant's discovery motion should be denied.

          Respectfully submitted,

          PATRICK J. FITZGERALD
          United States Attorney

    By:  /s/Stephen L. Heinze
         STEPHEN L. HEINZE
         Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    The undersigned Assistant United States Attorney hereby certifies that in accordance with Federal Rules of Criminal Procedure 49 and 5, and Local Rule 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing document:

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR DISCOVERY**

was on February 12, 2008 served pursuant to the district court's ECF system as to ECF filers, if any, and a copy thereof was sent by First Class Mail to the individual identified below:

**Willis Standish**
Standish E. Willis Law Office
407 S. Dearborn
Suite 1395
Chicago, IL 60604

                              By:    /s/ Stephen L. Heinze
                                        STEPHEN L. HEINZE
                                        Assistant United States Attorney
                                        219 South Dearborn Street
                                        Chicago, Illinois 60604
                                        (312) 886-1265